IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIANNA KILLAM, a Washington resident.<br><br>Plaintiff,<br><br>vs.<br><br>BB6 SEATTLE LIMITED PARTNERSHIP, a Delaware Limited Partnership<br><br>Defendant. | NO. 2:18-cv-01659-TSZ<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMES NOW, Plaintiff, Adrianna Killam, by and through her attorneys, Jonathan Ko and Michael Terasaki of Washington Civil & Disability Advocate for her First Amended Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.   OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

First Amended Complaint for Declaratory and
Injunctive Relief **Page 1 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

2. A service establishment for parking is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3. Over 27 years after the passage of the Americans with Disabilities Act, Defendant discriminates against individuals with disabilities because Defendant owns a property as a place of public accommodation that does not comply with the ADA accessibility laws and regulations enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant BB6 Seattle Limited Partnership against persons with mobility disabilities.

## II.   PARTIES

5. Plaintiff, Adrianna Killam, is a resident of Burien in King County, Washington, which is in this judicial district.

6. Ms. Killam is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq.

7. Defendant, BB6 Seattle Limited Partnership is a Delaware Limited Partnership.

8. Defendant BB6 Seattle Limited Partnership owns the property at 2300 6th Ave, Seattle, WA 98121.

9. The address for the registered agent for BB6 Seattle Limited Partnership is Hillis, Clark, Martin & Peterson P.S., 999 3rd Ave, Ste 4600, Seattle, WA 98104-4084.

First Amended Complaint for Declaratory and Injunctive Relief **Page 2 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

### III. JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

11. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

12. This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

13. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the property, practices, and procedures that gave rise to the Plaintiff's First Amended Complaint for Injunctive Relief and Damages occur in this district.

### IV. FACTUAL ALLEGATIONS

14. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

15. The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

16. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

17. Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA,

First Amended Complaint for Declaratory and Injunctive Relief **Page 3 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

1  "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

18.     Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

19.     Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

20.     Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

**Plaintiff**

21.     Ms. Killam is a resident of Burien in King County, Washington, which is in this judicial district..

22.     Ms. Killam is limited in the major life activity of walking and is thus a qualified person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

First Amended Complaint for Declaratory and Injunctive Relief **Page 4 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

23. Ms. Killam travels throughout Seattle on a regular basis. She uses a wheelchair and a modified vehicle for transportation and she requires accessible parking and an accessible route to be able to patronize places of public accommodation.

24. Ms. Killam recently patronized the property on November 9, 2018.

25. Ms. Killam plans to return to the property in question once the accessibility barriers are addressed.

### Defendant's Property

26. Ms. Killam used the parking lot services on Defendant's property located at 2300 6th Ave, Seattle, WA 98121.

27. Ms. Killam used her wheelchair and modified vehicle, albeit at personal risk due to existing accessibility barriers.

28. Ms. Killam does not feel safe accessing the property as is due to the current accessibility barriers.

29. Defendant's property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) or 2010 ADA Standards for Accessible Design (2010 Standards).

30. At Defendant's property, two parking spaces, marked numbers 8 and 10, are marked as accessible spaces.

31. One van accessible space is required under § 208.2 of the 2010 Standards and § 4.12 of the 1991 Standards, but Defendant has failed to provide any van accessible parking.

32. Signage for accessible spaces shall be clearly posted at least 60 inches above the ground, and signs identifying van accessibility shall be marked "van accessible". § 502.6 of the

First Amended Complaint for Declaratory and Injunctive Relief **Page 5 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

2010 Standards.

33. The signage at Defendant's property posted less than 60 inches above the ground and no space is marked van accessible.

34. On multiple occasions vehicles without a disabled parking license or placard have parked in improperly marked accessible parking at Defendant's property.

35. The slope within the accessible parking spaces and access aisles shall not be greater than 1:48 or 1:50 in any direction (about a 2% slope). § 502.4 of the 2010 Standards and § 4.6.3 of the 1991 Standards.

36. The slope in the access aisle of parking space number 8 exceeds 2% and is 6.6%, with a cross slope of 4.5%.

37. The automated fare machine or pay kiosk violates the ADA standards for ground spaces around automated fare machines. §707.2 of the 2010 Standards ("A clear floor or ground space complying with 305 shall be provided"); §305.2 of the 2010 Standards ("Changes in level are not permitted. EXCEPTION: Slopes not steeper than 1:48 shall be permitted."); and §4.34.2 of the 1991 Standards.

38. The automated fare machine or pay kiosk sits on a slope of 4.5%.

39. The automated fare machine or pay kiosk has a screen that is difficult to see, and thus does not comply with §707.7.1 of the 2010 Standards ("The display screen shall be visible from a point located 40 inches (1015 mm) above the center of the clear floor space in front of the machine.").

40. It is difficult, dangerous, or impossible to utilize the parking for people with disabilities at Defendant's parking lot.

First Amended Complaint for Declaratory and Injunctive Relief **Page 6 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

41. Ms. Killam requires a compliant accessible parking spot and a compliant accessible route in order to safely patronize Defendant's property using her vehicle and wheelchair.

42. As of the filing of this complaint no alterations have been made to address these accessibility barriers.

43. Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

44. The failure of Defendant to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

### V.   FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

45. Plaintiff Adrianna Killam incorporates by reference each and every allegation in the paragraphs above.

46. Ms. Killam is limited in the major life activity of walking and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

47. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

First Amended Complaint for Declaratory and Injunctive Relief **Page 7 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

48. Defendant, BB6 Seattle Limited Partnership, owns the property where the parking service is located.

49. The parking service is a place of public accommodation. 42 U.S.C. § 12181(7)(B).

50. Defendant has discriminated against Plaintiff on the basis of her disability.

51. Defendant's discriminatory conduct includes but is not limited to:

   a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

   b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

   e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

52. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff and others similarly situated on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

First Amended Complaint for Declaratory and Injunctive Relief **Page 8 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

53. Defendant's discriminatory conduct as alleged in this First Amended Complaint for Declaratory and Injunctive Relief has harmed Ms. Killam, and the harm continues.

54. Defendant's discriminatory conduct as alleged in this First Amended Complaint for Declaratory and Injunctive Relief entitles Ms. Killam to declaratory and injunctive relief. 42 U.S.C. § 12188.

55. Defendant's discriminatory conduct as alleged in this First Amended Complaint for Declaratory and Injunctive Relief entitles Ms. Killam to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

### VI. SECOND CAUSE OF ACTION
**Violation of the Washington Law Against Discrimination**
**(R.C.W. §§ 49.60.010 et seq.)**

56. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

57. Ms. Killam is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

58. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

First Amended Complaint for Declaratory and Injunctive Relief **Page 9 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

1   accommodations, advantages, facilities, or privileges of any place of public resort,

2   accommodation, assemblage, or amusement . . . ."

3   59.   Defendant, BB6 Seattle Limited Partnership, owns the property at 2300 6th Ave,

4   Seattle, WA 98121.

5   60.   Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

6   Revised Code of Washington by violating multiple accessibility requirements under the ADA.

7   61.   Defendant's actions constitute discrimination against persons with disabilities and

8   violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

9   et seq., in that persons with mobility disabilities have been and are denied full and equal

10  enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

11  provides to individuals who do not have disabilities.

12  62.   As a direct and proximate result of Defendant's discriminatory conduct as alleged

13  in this First Amended Complaint for Declaratory and Injunctive Relief, Ms. Killam has suffered

14  and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure

15  to remediate.

16  63.   Defendant's discriminatory conduct as alleged in this First Amended Complaint

17  for Declaratory and Injunctive Relief has denied Ms. Killam the full and equal enjoyment of

18  services that the Washington Law Against Discrimination requires.

19  64.   Ms. Killam has a clear legal right to access the parking of Defendant's property

20  under the Washington Law Against Discrimination.

21  65.   Ms. Killam has the right for Defendant's property to comply with the ADA's

22  accessibility laws and regulations under the Washington Law Against Discrimination.

First Amended Complaint for Declaratory and Injunctive Relief **Page 10 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

66. Defendant's property does not comply with the ADA's accessibility laws and regulations.

67. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

68. Pursuant to RCW § 49.60.030(2), Ms. Killam is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Killam respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant, BB6 Seattle Limited Partnership, to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Killam reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. Killam for

First Amended Complaint for Declaratory and Injunctive Relief **Page 11 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

violations of her civil rights as allowed under state and federal law;

      6.     Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 19th day of December 2018

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

| /s/ Jonathan Ko | /s/ Michael Terasaki |
|---|---|
| Jonathan Ko | Michael Terasaki |
| WSBA# 50091 | WSBA# 51923 |
| 3513 NE 45th St, Suite G | 3513 NE 45th St, Suite G |
| Seattle, WA 98105 | Seattle, WA 98105 |
| (206) 402-5846 | (206) 402-5846 |
| jonathan@wacda.com | terasaki@wacda.com |

First Amended Complaint for Declaratory and Injunctive Relief **Page 12 of 12**

Case No. 2:18-cv-01659-TSZ

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134